UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-CR-0251 (PJS/LIB) |
| | Case No. 16-CV-1456 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| JOHN CARL PAPE, | |
| Defendant. | |

John Carl Pape, pro se.

This matter is before the Court on defendant John Carl Pape's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Case No. 12-CR-0251, ECF Nos. 52 and 60. Pape filed his first motion on May 23, 2016. ECF No. 52. After reviewing that motion, the Court ordered Pape to show cause why his motion should not be dismissed as untimely. ECF No. 59. Two days later, and apparently before he received the order to show cause, Pape filed his second motion. ECF No. 60. The second motion is materially identical to the first motion; Pape appears to have filed the second motion out of an abundance of caution because the Clerk of Court had docketed his first motion both as a motion before this Court and as an appeal to the Eighth Circuit Court of Appeals. A few weeks later, Pape filed two letters in response to the order to show cause. ECF Nos. 63 and 64.

The Court has reviewed Pape's motions, his supporting documents, and the record of prior proceedings in the case, as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  The Court's review makes clear that Pape is not entitled to relief under § 2255, and thus the Court denies his motions.  Because the record conclusively demonstrates that Pape is not entitled to relief, no hearing is necessary.  28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

In 2013, Pape was sentenced to 180 months in prison after pleading guilty to possessing a firearm as a felon.  At sentencing, the Court determined that Pape was subject to a 15-year mandatory-minimum sentence under the Armed Career Criminal Act ("ACCA") because he had accrued "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ."  18 U.S.C. § 924(e)(1).  Specifically, Pape had been convicted nine times of third-degree burglary, three times of second-degree burglary, and once of fifth-degree drug sale.  Pape now argues that his third-degree-burglary convictions should not have counted as violent felonies under the ACCA.[1]

---

[1] Pape's § 2255 motions do not dispute that his prior convictions for *second*-degree burglary qualify as violent felonies for purposes of the ACCA.  In a subsequent letter to the Court, however, Pape challenges the counting of those second-degree-burglary convictions.  The Court need not address that issue given its holding that Pape's nine convictions for *third*-degree burglary qualify as violent felonies.

Several clauses of the ACCA define which offenses qualify as violent felonies. For example, the "enumerated-offenses clause" defines "violent felony" to include felonies that are "burglary, arson, or extortion," while the "residual clause" defines "violent felony" to include felonies that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another . . . ." § 924(e)(2)(B)(ii).

Determining whether a prior conviction qualifies as burglary under the enumerated-offenses clause is not as simple as looking at whether the crime of conviction is labeled "burglary." Instead, to determine whether a prior conviction qualifies as a conviction for burglary, courts typically apply what is known as the "categorical approach": "They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016).[2] If the elements of the crime of conviction sweep more broadly than the generic definition of burglary—that is, if it is possible to commit the crime of conviction without committing a generic burglary—then the crime of conviction does not qualify as a violent felony under the ACCA. *See id.*

---

[2]Courts sometimes apply the "modified categorical approach" when a statute lists alternative elements and thus defines multiple crimes, such that some of those crimes might qualify as violent felonies and some might not. *Id.* at 2249. The Court does not need to apply the modified categorical approach here, though, because *every* offense defined as third-degree burglary under the Minnesota statute includes all of the elements of generic burglary. *See id.* at 2248-49.

The generic definition of burglary is a crime that has "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). Under Minnesota law, a person commits third-degree burglary if he "enters a building without consent and with intent to steal or commit any felony or gross misdemeanor while in the building, or enters a building without consent and steals or commits a felony or gross misdemeanor while in the building, either directly or as an accomplice . . . ." Minn. Stat. § 609.582 subd. 3. The Minnesota third-degree-burglary statute thus fits within the generic definition of burglary; it is impossible to commit third-degree burglary in Minnesota without committing a generic burglary. Therefore, as the Eighth Circuit has held, any conviction under Minnesota's third-degree-burglary statute qualifies as a violent felony under the ACCA. *United States v. Sonczalla*, 561 F.3d 842, 846 (8th Cir. 2009); *see also United States v. Westberg*, No. 04-CR-0084 (MJD/RLE), 2016 WL 953227, at *2-3 (D. Minn. Mar. 14, 2016).

Pape argues that Minnesota's third-degree-burglary statute does not establish a violent felony because the statute's definition of "building" sweeps more broadly than the definition of "building" in the generic definition of burglary. Pape's argument is both foreclosed by binding precedent, *Sonczalla*, 561 F.3d at 846, and unpersuasive. The Minnesota burglary statute defines "building" as "a structure suitable for affording

shelter for human beings including any appurtenant or connected structure." Minn. Stat. § 609.581. Under the ACCA, burglary qualifies as a violent felony "only if committed in a building or enclosed space . . . , not in a boat or motor vehicle." *Shepard v. United States*, 544 U.S. 13, 16 (2005). A "structure suitable for affording shelter for human beings," Minn. Stat. § 609.581, necessarily is "a building or enclosed space," *Shepard*, 544 U.S. at 16, so the way that the Minnesota statute defines "building" aligns with the way that the term is defined under the generic definition of burglary.[3]

Pape also argues that his third-degree-burglary convictions do not qualify as violent felonies because the Supreme Court has struck down the ACCA's residual clause. *See Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). But *Johnson* is irrelevent to Pape's case, as his burglary convictions qualify as violent felonies under the enumerated-offenses clause, not the residual clause.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

---

[3]Contrary to Pape's argument, it does not matter for purposes of the ACCA whether the building or structure is a dwelling. Pape appears to confuse the ACCA's "enumerated-offenses clause" with a similar clause in the career-offender sentencing guideline, U.S.S.G. § 4B1.2(a)(2), which defines "crime of violence" to include burglary of a dwelling but not burglary of a building or structure that is not a dwelling.

1. Defendant's first motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Case No. 12-CR-0251, ECF No. 52] is DENIED.

2. Defendant's second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Case No. 12-CR-0251, ECF No. 60] is DENIED.

3. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 29, 2016               s/Patrick J. Schiltz
                                   Patrick J. Schiltz
                                   United States District Judge