UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-CR-0251 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| JOHN CARL PAPE, | |
| Defendant. | |

Thomas M. Hollenhorst, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

John Carl Pape, defendant, pro se.

This matter is before the Court on defendant John Carl Pape's "second-in-time" motion under 28 U.S.C. § 2255 to "reverse and remand his conviction and . . . resentence him without the improper Armed Career Criminal enhancement." ECF No. 67-1 at 1, 4. Pape's motion is both unauthorized and untimely, and thus the Court dismisses it.

I. BACKGROUND

Pape pleaded guilty to possessing a firearm as a felon. At his sentencing hearing on July 18, 2013, the Court determined that Pape was subject to a 15-year mandatory-minimum sentence under the Armed Career Criminal Act ("ACCA") because he had accrued at least "three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1). Specifically, the Court found that each of Pape's 12 prior burglary convictions—three for second-degree burglary and nine for third-degree

burglary—was a predicate offense under the ACCA.  The Court imposed the 15-year mandatory-minimum sentence.  ECF No. 47.  Pape did not file a timely appeal,[1] and thus his sentence became final 14 days later, on August 1, 2013.  *Compare Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (noting that a sentence becomes final when the time period for filing a notice of appeal expires), *with* Fed. R. App. P. 4(b)(1)(A)(i) (giving a criminal defendant 14 days to appeal his sentence).

Three years later, Pape moved to vacate his sentence under 28 U.S.C. § 2255, arguing that the Court had erred in treating his burglary convictions as violent felonies under the ACCA.  *See* ECF Nos. 52-54, 60-61, 63-64.  The Court disagreed and denied Pape's motion.  ECF No. 65.

Two months later, Pape filed this motion.  ECF No. 67.

## II.  ANALYSIS

Pape's present motion must be rejected for two reasons.  First, Pape's motion is a second or successive motion under § 2255, and he failed to obtain the required authorization from the Eighth Circuit.  *See* 28 U.S.C. § 2255(h).  Second, Pape's motion is untimely.

---

[1] On May 23, 2016, Pape filed an untimely appeal, ECF No. 49, which the Eighth Circuit rejected three days later, ECF No. 58.

*A. Pape Failed To Seek Certification Under 28 U.S.C. § 2255(h)*

As a threshold matter, the Court must decide whether to construe Pape's motion as a motion under § 2255 or instead as a motion under Fed. R. Civ. P. 60(b).  This distinction is important.  As noted, Pape already filed a § 2255 motion, ECF Nos. 52, 60, and that motion was denied by this Court on July 29, 2016, ECF Nos. 65, 66.  If Pape's pending motion is in substance a second or successive motion under § 2255—even if it is labeled as something else—then Pape was required to received authorization from the Eighth Circuit before filing the motion.  *See* 28 U.S.C. § 2255(h).

A Rule 60(b) motion is treated as a second or successive § 2255 motion when the motion disputes a court's prior denial of a § 2255 motion "'*on the merits*.'"  *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).  But a Rule 60(b) motion is not treated as second or successive § 2255 motion "if it does not raise a merits challenge to the resolution of a claim in a prior habeas proceeding, but instead attacks 'some defect in the integrity of the federal habeas proceedings.'"  *Id.* (quoting *Gonzalez*, 545 U.S. at 532).

Pape's motion is a second[2] § 2255 motion in both form and substance.  Pape himself labels it as a "second-in-time motion under 28 U.S.C. § 2255."  ECF No. 67.  And

---

[2]Pape previously filed another document that was docketed as a "second" § 2255 motion.  ECF No. 60.  But this was actually a continuation of Pape's first § 2255 motion, not a second § 2255 motion.  *See* ECF No. 68 at 2 n.1; ECF No. 69 at 3 n.2.  The motion before the Court today is therefore Pape's second § 2255 motion, not his third.

Pape's motion "raise[s] a merits challenge to the resolution of a claim in a prior habeas proceeding." *Lee*, 792 F.3d at 1023. For the most part, Pape's motion simply repeats arguments that the Court rejected on the merits when it denied Pape's first § 2255 motion. *Cf.* ECF Nos. 65, 67-1. Under *Gonzalez* and *Lee*, then, Pape's motion must be treated as a second or successive motion under § 2255.[3]

Before filing a second or successive § 2255 motion, Pape was required to obtain authorization from the Eighth Circuit. *See* 28 U.S.C. § 2255(h). Pape did not do so, and thus his § 2255 motion must be dismissed.[4]

### B. Pape's Attack on His Sentence Is Time-Barred

Even if the Court could address Pape's § 2255 motion on the merits, the Court would deny the motion because it is barred by the statute of limitations.

As noted, the Court found that Pape's three prior convictions for second-degree burglary and nine prior convictions for third-degree burglary were convictions "for a violent felony" for purposes of the ACCA—and that, as a result, Pape was subject to a 15-year mandatory-minimum sentence. Pape now attacks his sentence under *Descamps*

---

[3]In ordering the government to respond to Pape's motion, the Court tentatively indicated that Pape's "motion should likely be construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b)." ECF No. 68. After further consideration, however, the Court concludes that its initial impression was incorrect, and that Pape's motion must be treated as a second or successive motion under § 2255.

[4]The Court declines to exercise its discretion to transfer Pape's motion to the Eighth Circuit under *Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002).

*v. United States*, 133 S. Ct. 2276 (2013), and its progeny.  Specifically, Pape argues that if the elements of the generic crime of burglary are compared to the elements of Minnesota's second- and third-degree burglary statutes, it is clear that each crime's elements are broader than those of the generic offense, and therefore none of Pape's burglary convictions qualify as ACCA predicates.

The problem for Pape is that this attack on his sentence is time-barred.  As a general matter, a defendant must bring a § 2255 motion within one year after his conviction becomes final.  28 U.S.C. § 2255(f)(1).  As described above, Pape's conviction became final on August 1, 2013.  Yet Pape did not file his first § 2255 motion until May 23, 2016, ECF No. 52, and he did not file his second or successive § 2255 motion until September 29, 2016, ECF No. 67.  Accordingly, Pape's motion is barred by the one-year statute of limitations.

There is an important exception to the one-year statute of limitations:  If the movant is asserting a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," then the one-year period begins to run when the Supreme Court first recognizes the new right.  28 U.S.C. § 2255(f)(3).  But Pape does not fit within this exception because he is not asserting a right that was first recognized by the Supreme Court after he was sentenced.

Pape disagrees, arguing that his claim relies on *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), which was decided after Pape was sentenced, and which applies retroactively to cases on collateral review, *see Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). But *Johnson* has nothing to do with Pape's claims. *Johnson* found that the residual clause of the ACCA was unconstitutionally vague. In sentencing Pape, however, the Court did not rely on the residual clause; instead, the Court found that Pape's burglary convictions qualified as ACCA predicates under the enumerated-offenses clause. ECF No. 65 at 5. *Johnson* did not "call into question" the continued viability of the enumerated-offense clause. *Johnson*, 135 S. Ct. at 2555-56, 2563. Thus Pape cannot use *Johnson* to smuggle his claims past § 2255(f)(1)'s one-year statute of limitations. *See United States v. Munoz*, No. 09-CR-0109(27), 2016 WL 4059225, at *2 (D. Minn. July 29, 2016) (rejecting a similar attempt to use *Johnson* to circumvent § 2255(f)(1)).

Pape is attacking his sentence on the ground that the Court erred in finding that his 12 burglary convictions qualified as ACCA predicates under the enumerated-offenses clause. This is a challenge under *Descamps*, not under *Johnson*, and *Descamps* was decided *before* Pape was sentenced. Given that timing, Pape's § 2255 motion

obviously does not assert a "right [that] has been newly recognized by the Supreme Court."  28 U.S.C. § 2255(f)(3).[5]

Pape does cite one recent Supreme Court case—*Mathis v. United States*, 136 S. Ct. 2243 (2016)—in support of his argument that Minnesota's definition of burglary sweeps more broadly than the generic definition of burglary.  But *Mathis* was simply an application of *Descamps*; indeed, *Mathis* faulted the lower court for failing to apply what the Supreme Court regarded as the clear language of *Descamps*.  *Id.* at 2254-55.  Clearly, then, *Mathis* did not announce a "new" rule of constitutional law.  *See United States v. Taylor*, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) ("[T]he Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule . . . ."); *Dawkins v. United States*, 829 F.3d 549, 550–51 (7th Cir. 2016) (same); *United States v. Sonczalla*, No. 07-CR-0187, 2016 WL 4771064, at *2 (D. Minn. Sept. 12, 2016) (same).

Pape also relies on lower-court decisions applying *Descamps*, such as the Eighth Circuit's decision in *United States v. McArthur*, 836 F.3d 931 (8th Cir. 2016), and the Sixth Circuit's decision in *United States v. Lara*, 590 F. App'x 574 (6th Cir. 2014).  Obviously, though, the fact that Pape is relying on these decisions does not mean that he is relying

---

[5]The Court also notes that the Eighth Circuit has held that *Descamps* did not even recognize a new right—and therefore *Descamps* would not save Pape's § 2255 motion from being dismissed as untimely even if *Descamps* had been decided after Pape was sentenced.  *See Headbird v. United States*, 813 F.3d 1092, 1094-97 (8th Cir. 2016) (holding that *Descamps* "did not establish a new rule" because its result was "dictated by . . . existing precedent").

on a "right [that] has been newly recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). These are decisions of federal courts of appeals, not "the Supreme Court," and these decisions apply *Descamps*, which was decided before Pape was sentenced.

In sum, Pape's § 2255 motion is barred by the statute of limitations because it was not brought within one year after his conviction became final and because Pape is not asserting a right that was first recognized by the Supreme Court after he was sentenced.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant John Carl Pape's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF No. 67] is DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 18, 2017     s/Patrick J. Schiltz
                            Patrick J. Schiltz
                            United States District Judge