UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-CR-0251 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| JOHN CARL PAPE, | |
| Defendant. | |

Thomas M. Hollenhorst, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Keala C. Ede, OFFICE OF THE FEDERAL DEFENDER, for defendant.

Defendant John Carl Pape is serving a 180-month sentence after pleading guilty to being a felon in possession of a firearm.  This matter is before the Court on Pape's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Pape suffers from asthma and a suppressed immune system due to his prolonged use of a corticosteroid inhaler.  Pape also has a history of bronchitis, chronic obstructive pulmonary disease ("COPD"), and hypertension.  Pape argues that, in light of the current coronavirus pandemic, these medical conditions constitute "extraordinary and compelling reasons" justifying a reduction in his sentence.  Although the Court finds the question to be very close, the Court ultimately agrees that an exercise of its discretion under § 3582(c)(1)(A)(i) is warranted and grants Pape's motion for release.

*A. Pape's Criminal History and Offense Conduct*

Pape is a longtime drug addict. He first began using marijuana and methamphetamine at age fourteen, likely to cope with an extremely traumatic childhood. Presentence Report ("PSR") ¶¶ 75–77, 100–01. Pape supports his drug addiction by stealing from others. Prior to being indicted for his most recent offense in 2012, Pape had accumulated 13 convictions for burglary and theft. PSR ¶¶ 30–38, 57–60. Pape also has three prior convictions for domestic assault, five convictions for various drug offenses, and one conviction each for driving while intoxicated and disorderly conduct (along with multiple traffic violations). PSR ¶¶ 39–56, 61–62.

The conduct giving rise to Pape's first and only federal conviction occurred on May 6, 2012. PSR ¶¶ 5–11. Pape broke into two vehicles parked in a church parking lot in Eveleth, Minnesota, and stole purses from both vehicles. Unbeknownst to Pape, one of the purses contained a .38 caliber pistol, which Pape took home with him. Following his arrest, Pape showed law enforcement where he had hidden the gun.

On January 31, 2013, Pape pleaded guilty to being a felon in possession of a firearm. ECF Nos. 34–35. Pape was categorized as a career offender, triggering a 15-year mandatory-minimum sentence. *See* 18 U.S.C. § 924(e)(1). The Court imposed the mandatory-minimum sentence on July 18, 2013, and Pape has now served about two-

thirds of that sentence. *See* ECF Nos. 47, 77. Pape is currently incarcerated at FMC Rochester, and his projected release date is March 28, 2025.[1]

On May 31, 2020, Pape submitted a request for compassionate release to the Bureau of Prisons ("BOP"). *See* ECF No. 72-1. That request was denied on July 17, 2020. ECF No. 79 at 126. Having exhausted his administrative remedies under § 3582(c)(1)(A), Pape then filed a pro se motion in this Court on July 31, 2020 seeking compassionate release. ECF No. 72. Pape's motion to appoint counsel was granted on September 11, 2020. ECF No. 75.

## B. Standard of Review

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction[.]" According to a policy statement issued by the Sentencing Commission, the court must also find that "the defendant is not a danger to the safety of any other person or to the community" and that "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application notes list several examples of extraordinary and compelling reasons that justify a sentence reduction, including "a serious physical or medical

---

[1]*See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Oct. 1 3, 2020).

condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, cmt. n.1(A). The policy statement also includes a catch-all provision for cases in which "there exists . . . an extraordinary and compelling reason other than, or in combination with," the reasons specifically described by the policy statement. *Id.* § 1B1.13, cmt. n.1(D); *see United States v. Warren*, No. 10-CR-0276 (PJS/JJG), 2020 WL 3634513, at *2–3. (D. Minn. Jan. 2, 2020) (applying § 1B1.13 to compassionate-release motions under the First Step Act, but declining to apply the superseded requirement that the Director of the Bureau of Prisons make the determination that the catch-all provision applies).

## C. Application

As noted, Pape suffers from a number of serious health conditions. Pape has long suffered from asthma, and he currently takes two prescription medications on a daily basis to help manage his condition. ECF No. 79 at 40. One of those medications is a corticosteroid, which suppresses Pape's immune system and increases his vulnerability to infection. Pape also has a documented history of bronchitis, bronchial emphysema, COPD, and hypertension. PSR ¶ 84–86.

According to current guidance from the Centers for Disease Control ("CDC"), people with COPD are at an increased risk of severe illness from the virus that causes

COVID-19.[2]  The government concedes that a prisoner's suffering from COPD would generally constitute an "extraordinary and compelling reason" justifying relief, but argues that Pape's history of COPD is neither sufficiently documented nor sufficiently recent.[3]  Even assuming that the government is correct that Pape may have recovered from his COPD or that his symptoms are not severe, the Court notes that the CDC has also designated  moderate to severe asthma, hypertension, and a compromised immune system as conditions that may increase the risk of developing serious complications from COVID-19.  Further, Pape's medical records document serious and recent problems with his lungs and respiratory system.  For example, within the past year, Pape suffered from an upper respiratory infection that lasted about two weeks and required three visits to BOP Health Services.  *See* ECF No. 79 at 54–65.

---

[2]Ctrs. for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, (Oct. 6, 2020) http://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3]The PSR reports that Pape was "told he had chronic obstructive pulmonary disease ('COPD')" and that a 2011 "discharge summary from Virginia Regional Medical Center confirms he was admitted . . . with methamphetamine withdrawal, as well as acute bronchitis with acute COPD exacerbation."  PSR ¶¶ 84–85.

The CDC says that it is especially important for people such as Pape to take measures to avoid becoming infected with COVID-19.[4] But many of those preventative measures—including social distancing, avoiding crowds, and limiting contact with commonly-touched surfaces or shared items—are difficult or impossible in prison. FMC Rochester currently has 32 infected inmates and 3 infected staff.[5] Despite the BOP's best efforts, most inmates face a substantially greater risk of contracting COVID-19 while in custody than they do out of custody. *See* ECF No. 78 at 9–11. Under the circumstances, the Court finds that Pape's significant underlying medical conditions—all of which relate to his lungs and respiratory system—"substantially diminish" his ability "to provide self-care within the environment of the correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(A). Pape has therefore established that there are "extraordinary and compelling reasons" warranting a reduction in his sentence under § 3582(c)(1)(A)(i).

Although the question is close, the Court also finds that releasing Pape will not create a threat to any other person or to the community. U.S.S.G. § 1B1.13(2). It is true that Pape was convicted of being a felon in possession of a firearm, but Pape's conviction arose out of highly unusual circumstances: Pape was stealing purses from

---

[4]Ctrs. for Disease Control and Prevention, *supra* note 2.

[5]Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 13, 2020).

parked cars and, unbeknownst to him, one of those purses happened to contain a gun. There is no evidence that Pape has ever used any firearm in the course of committing any crime. Moreover, save for a 20-year-old disorderly conduct conviction, PSR ¶ 50, there is no evidence that Pape has ever used violence against a stranger; his only other convictions involving violence are misdemeanor convictions for domestic assault, PSR ¶¶ 40, 42, 45.

Most of Pape's many convictions are attributable to his longstanding addiction to drugs. While in prison, Pape has worked to address his addiction by completing a nonresidential drug-treatment program, and he has experienced more than eight years of forced sobriety. *See* ECF No. 72-1 at 2; ECF No. 79 at 134. The Probation Office has approved Pape's plan to live with his sister upon release, and Pape's sister has pledged to support his sobriety. ECF No. 77. Pape also explains that he has a plan to seek employment at a towing company near his sister's home. ECF No. 72 at 7. In light these facts, there is reason to hope that Pape will be able to function as a sober, productive, and law-abiding member of his community. Of course, if he violates the terms of his supervised release by committing crimes or using drugs, the Court can send him back to prison.

Having reviewed the § 3553(a) factors and having found that extraordinary and compelling circumstances warrant an exercise of the Court's discretion under

§ 3582(c)(1)(A)(i), the Court grants Pape's compassionate-release motion, reduces his sentence to time served, and orders his release subject to the terms set forth below.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Pape's motion for compassionate release [ECF No. 72] is GRANTED.

2. Pape's sentence of incarceration is reduced to time served, and Pape shall immediately commence his three-year term of supervised release.

3. Pape shall be released from the custody of the Federal Bureau of Prisons as soon as his release plan is implemented, travel arrangements have been made, and any applicable quarantine period required in light of the COVID-19 pandemic has been completed. The Bureau of Prisons shall have a reasonable amount of time to make arrangements for Pape's release. The Court leaves it to the discretion of the Bureau of Prisons and the United States Probation Office to determine whether quarantine is necessary and, if so, whether that quarantine is served in the Bureau of Prisons's custody or instead in the community.

Dated: October 13, 2020

_____
Patrick J. Schiltz
United States District Judge